

West Virginia E-Filing Notice

CC-24-2019-C-20

Judge: Patrick Wilson

To: Susan Brown
17 Landing Lane
Fairmont, WV 26554

304-346-3359

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

Brenda Corley v. CLEANINGSERVICES.COM, LLC
CC-24-2019-C-20

The following complaint was FILED on 2/5/2019 9:49:56 AM

Notice Date:   2/5/2019 9:49:56 AM

Rhonda Starn
CLERK OF THE CIRCUIT
Marion
219 Adam Street, Room 211
FAIRMONT, WV 26554

(304) 367-5360
rhonda.starn@courtswv.gov



EXHIBIT 2

# SUMMONS



E-FILED | 2/5/2019 9:49 AM
CC-24-2019-C-20
Marion County Circuit Clerk
Rhonda Starn

## IN THE CIRCUIT OF MARION WEST VIRGINIA
### Brenda Corley v. CLEANINGSERVICES.COM, LLC

Service Type:   Sheriff

NOTICE TO:   Susan Brown, 17 Landing Lane, Fairmont, WV 26554

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Chirag Desai, 229 W. Main St., Ste. 1100, Clarksburg, WV 26301

THE ANSWER MUST BE MAILED WITHIN 20 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

2/5/2019 9:49:56 AM          /s/ Rhonda Starn
        Date                              Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☒ I certify that I personally delivered a copy of the Summons and Complaint to   Jacob Brown

☐ Not Found in Bailiwick

Feb 7 2019                        _Darnell Capri_
   Date                           Server's Signature

# COVER SHEET

E-FILED | 2/5/2019 9:49 AM
CC-24-2019-C-20
Marion County Circuit Clerk
Rhonda Starn

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MARION COUNTY WEST VIRGINIA
**Brenda Corley v. CLEANINGSERVICES.COM, LLC**

| | | | | | |
|---|---|---|---|---|---|
| **First Plaintiff:** | ☐ Business ☐ Government | ☑ Individual ☐ Other | **First Defendant:** | ☑ Business ☐ Government | ☐ Individual ☐ Other |

**Judge:** Patrick Wilson

## COMPLAINT INFORMATION

**Case Type:** Civil          **Complaint Type:** Other

**Origin:**   ☑ Initial Filing    ☐ Appeal from Municipal Court    ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No    **Case will be ready for trial by:** 2/28/2020

**Mediation Requested:** ☐ Yes ☑ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities
  ☐ Interpreter or other auxiliary aid for the hearing impaired
  ☐ Reader or other auxiliary aid for the visually impaired
  ☐ Spokesperson or other auxiliary aid for the speech impaired
  ☐ Other:

☐ I am proceeding without an attorney
☑ I have an attorney: Chirag Desai, 229 W. Main St. Ste. 1100, Clarksburg, WV 26301

# SERVED PARTIES

**Name:** CLEANINGSERVICES.COM, LLC
**Address:** P.O. BOX 2033 17 Landing Lane, Fairmont WV 26554
**Days to Answer:** 30     **Type of Service:** Secretary of State - Certified

**Name:** Susan Brown
**Address:** 17 Landing Lane, Fairmont WV 26554
**Days to Answer:** 20     **Type of Service:** Sheriff

E-FILED | 2/5/2019 9:49 AM
CC-24-2019-C-20
Marion County Circuit Clerk
Rhonda Starn

IN THE CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

BRENDA CORLEY, BILLY JO BELL,
PATTI SHOEMAKER, CORINA WEST,
PHIL WISEMAN, MARGUERITE
BARTHOLOW, and GINA NORRIS,

        Plaintiffs,

v.                                                                                CIVIL ACTION NO: _____

CLEANINGSERVICES.COM, LLC,
a West Virginia Limited Liability Company
and SUSAN BROWN, individually,

        Defendants.

## COMPLAINT

Plaintiffs Brenda Corley, Billy Jo Bell, Patti Shoemaker, Corina West, Phil Wiseman, Marguerite Bartholow, and Gina Norris (collectively hereinafter "the Plaintiffs"), by and through the undersigned counsel, make the following Complaint:

## PARTIES

1. Plaintiff Brenda Corley is a resident of Marion County, West Virginia. At all times material to this civil action, Ms. Corley was employed as a residential and commercial cleaner by Cleaningservices.com, LLC, and Susan Brown, the sole owner of Cleaningservices.com, LLC.

2. Plaintiff Billy Jo Bell is a resident of Harrison County, West Virginia. At all times material to this civil action, Ms. Bell was employed as a residential and commercial cleaner by Cleaningservices.com, LLC, and Susan Brown, the sole owner of Cleaningservices.com, LLC.

3. Plaintiff Patti Shoemaker is a resident of Marion County, West Virginia. At all times material to this civil action, Ms. Shoemaker was employed as a residential and commercial cleaner by Cleaningservices.com, LLC, and Susan Brown, the sole owner of Cleaningservices.com, LLC.

4. Plaintiff Corina West is a resident of Marion County, West Virginia. At all times material to this civil action, Ms. West was employed as a residential and commercial cleaner by Cleaningservices.com, LLC, and Susan Brown, the sole owner of Cleaningservices.com, LLC.

5. Plaintiff Phil Wiseman is a resident of Marion County, West Virginia. At all times material to this civil action, Mr. Wiseman was employed as a residential and commercial cleaner by Cleaningservices.com, LLC, and Susan Brown, the sole owner of Cleaningservices.com, LLC.

6. Plaintiff Marguerite Bartholow is a resident of Marion County, West Virginia. At all times material to this civil action, Ms. Bartholow was employed as a residential and commercial cleaner by Cleaningservices.com, LLC, and Susan Brown, the sole owner of Cleaningservices.com, LLC.

7. Plaintiff Gina Norris is a resident of Taylor County, West Virginia. At all times material to this civil action, Ms. Norris was employed as a residential and commercial cleaner, and ultimately as an office manager, by Cleaningservices.com, LLC, and Susan Brown, the sole owner of Cleaningservices.com, LLC.

8. Defendant Cleaningservices.com, LLC, is a West Virginia limited liability company with its principal place of business located in Marion County, West Virginia, at 17 Landing Lane, Fairmont, WV 26554. Upon information and belief, the nature of Cleaningservices.com, LLC's, business consists of providing residential and commercial cleaning

services to clients within Marion and surrounding counties. Defendant Cleaningservices.com, LLC's address for purposes of service of process is P.O. Box 2033, Fairmont, WV 26555-2933.

9. Defendant Susan Brown is the sole owner of Cleaningservices.com, LLC, and as such, directly supervised Plaintiffs, and was solely responsible for proper payment of their wages. Upon information and belief, Susan Brown is a resident of Marion County, West Virginia.

## JURISDICTION AND VENUE

10. The State of West Virginia maintains jurisdiction over this matter pursuant to W.Va. Code § 51-2-2.

11. The Circuit Court of Marion County, West Virginia is the appropriate venue as all, or some, of the Defendants' wrongful actions occurred in Marion County, West Virginia, and Plaintiffs' respective causes of action arose in Marion County, West Virginia.

## STATEMENT OF FACTS

## FACTS RELEVANT TO ALL PLAINTIFFS

12. The claims common to all of the Plaintiffs are rooted in the Fair Labor Standards Act ("FLSA") and the West Virginia Wage Payment and Collection Act ("WVWPCA"), and arise from the Defendants' intentional and willful failure to pay the Plaintiffs wages for all hours worked and for all "wages due" upon separation of employment.

13. The Plaintiffs were employed by Defendant Cleaningservices.com, LLC, and Susan Brown as residential and commercial cleaners; except for Gina Norris, who was employed later in her tenure as an office manager.

14. Irrespective of their various job titles and positions, Plaintiffs were, at all times pertinent hereto, non-exempt employees of Defendant Cleaningservices.com, LLC, under the FLSA and thus, were to be compensated by at least the minimum wage for all hours worked.

3

15. At the start of each workday, Defendant CleaningServices.Com, LLC, required Plaintiffs and its other employees to report to its office located at 17 Landing Lane, Fairmont, WV 26554, at 7:50 a.m., to "prepare supplies and equipment" and "review the work orders . ." [Defendant's employment handbook at P. 9]."

16. Plaintiffs attendance at such meetings was undoubtedly part of their "principal activities," as utilized within the FLSA and it's implementing regulations as well as the Portal-to-Portal Act, insofar as their attendance was an integral and indispensable part of their primary job duties and responsibilities (performing cleaning services).

17. Plaintiffs attendance at the aforesaid daily 7:50 a.m. meetings was, thus, the start of their respective "workdays" as defined within the Portal-to-Portal Act, from which their computation of hours worked should have begun.

18. Instead, Defendant CleaningServices.Com, LLC only began to compensate Plaintiffs from the time they reached their first job site (sometimes more than two hours after they initially reported to the office) until they returned to the office at the end of the workday – thus, Defendant CleaningServices.Com, LLC failed to compensate Plaintiffs for all hours worked and for all compensable time (i.e., their time spent between reporting to the office at 7:50 a.m. and traveling to their first job sites – sometimes more than 50 miles away – or delivering door hangers at the behest of Defendants).

19. Defendant CleaningServices.Com, LLC's failure to pay Plaintiffs for all hours worked and for all compensable time occurred for years and consistently during each and every workweek in which Plaintiffs were employed; thus, Plaintiffs' aggregate claim for compensable time is certainly not *de minimus*.

20. As the sole Owner, President, and Manager of Defendant CleaningServices.Com, LLC, Defendant Susan Brown had direct knowledge of and knowingly permitted Defendant CleaningServices.Com, LLC's, failure to compensate Plaintiffs for all hours worked and for all compensable time.

21. At different times between 2017 and 2018, Plaintiffs stopped working for the Defendants and were separated from employment either voluntarily or involuntarily.

22. Irrespective of their particular circumstances in separating from employment with the Defendants, all of the Plaintiffs were not paid "all wages due" (i.e., wages owed and due for all compensable time) in a timely manner, in violation of the West Virginia Wage Payment and Collection Act.

**FACTS RELEVANT TO BRENDA CORLEY**

23. Plaintiff Brenda Corley was employed by the Defendant CleaningServices.Com, LLC from on or about March 20, 2017 until she was terminated on or about April 11, 2018.

24. At all times during her employment, Brenda Corley performed her job duties competently and satisfactorily while always meeting the reasonable expectations of the Defendant CleaningServices.Com, LLC.

25. Prior to her termination on April 11, 2018, Brenda Corley had never been disciplined, reprimanded, nor otherwise counseled by Defendant CleaningServices.Com, LLC regarding her work performance

26. On or about April 4, 2018, Brenda Corley filed a good-faith complaint with the Division of Labor regarding the Defendants' willful and deliberate failure to pay its employees for all hours worked and for all compensable time (discussed in detail above).

5

27. Brenda Corley reasonably believed that Defendants' failure to pay for all hours worked and for all compensable time violated the FLSA and prevailing West Virginia law.

28. Less than one week later, on or about April 11, 2018, Defendant CleaningServices.Com, LLC suddenly terminated Brenda Corley's employment for "trying to steal clients."

29. Defendant CleaningServices.Com, LLC's adverse employment action in terminating Brenda Corley was retaliation for her good-faith complaint regarding its failure to pay employees for all hours worked and for all compensable time.

## FACTS RELEVANT TO BILLY JO BELL

30. Plaintiff Billy Jo Bell was employed by Defendant CleaningServices.Com, LLC from on or about February 10, 2017, until she was terminated on or about August 23, 2018.

31. Shortly after beginning her employment with Defendants and consistently up until the time of her termination, Billy Jo Bell was subjected to a campaign of severe and pervasive sexual harassment, including unwanted sexual innuendo and touching by her co-worker, Gary Swartz.

32. By way of example, Mr. Swartz regularly made sexual advances on the Plaintiff and continuously commented that he wanted to "put it in her ass."

33. On many occasions in which the Billy Jo Bell and Mr. Swartz were on the same cleaning team and at particular job sites, Mr. Swartz stuck his finger down the crack of the Plaintiff's buttocks.

34. On one occasion, Mr. Swartz came up behind the Plaintiff as she was standing on a kitchen counter cleaning and grabbed her from behind and sat her on his back and cradled her body in a sexual manner.

35. The foregoing conduct and comments are merely examples of the environment to which Billy Jo Bell (as well as her other female co-workers) was subjected to during her employment with the Defendants.

36. Such environment was permitted to persist due to the inaction(s) of the Defendants Susan Brown and CleaningServices.Com, LLC.

## COUNT I

### CLAIM OF ALL PLAINTIFFS FOR UNPAID WAGES UNDER THE FAIR LABOR STANDARDS ACT

37. Plaintiffs incorporate by reference Paragraphs 1 through 36 of this Complaint as if set forth fully herein.

38. The Fair Labor Standards Act ["FLSA"] mandates that all employees covered under the Act must be paid at least minimum wage for *all hours worked*.

39. Defendant CleaningServices.Com, LLC is an "employer" as defined in the FLSA.

40. Defendant CleaningServices.Com, LLC is an "enterprise engaged in commerce" under the FLSA.

41. Upon information and belief, Defendant CleaningServices.Com, LLC has an annual gross volume of sales made or business done that is not less than $500,000.00.

42. At all times relevant herein, Plaintiffs were non-exempt employees under the FLSA.

43. At all times relevant herein, Defendant Susan Brown acted directly in the interest of Defendant CleaningServices.Com, LLC in relation to Plaintiffs.

7

44.     Defendant Susan Brown had the power to hire, fire, and direct employees of Defendant CleaningServices.Com, LLC and otherwise had the sole operational control over Defendant CleaningServices.Com, LLC.

45.     Defendant Susan Brown, thus, is an "employer" under the FLSA.

46.     In violation of the FLSA, 29 U.S.C. § 206 & 207, Defendants CleaningServices.Com, LLC and Susan Brown failed to pay Plaintiffs at least minimum wage for all "hours worked" and for all "compensable time."

47.     The failure by Defendants CleaningServices.Com, LLC and Defendant Susan Brown to pay Plaintiffs for all "hours worked" and for all "compensable time" in violation of the FLSA was not in good faith and was a willful violation of the FLSA.

48.     Due to their violation of the FLSA, Defendants CleaningServices.Com, LLC and Susan Brown owe Plaintiffs unpaid wages and liquidated damages for all unpaid "hours worked" and "compensable time."

49.     Plaintiffs are entitled to recover attorneys' fees and costs.

## COUNT II

### CLAIM OF ALL PLAINTIFFS FOR UNPAID WAGES DUE UPON SEPARATION OF EMPLOYMENT IN VIOLATION OF THE WEST VIRGINIA WAGE PAYMENT AND COLLECTION ACT

50. Plaintiffs incorporate by reference Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. The West Virginia Wage Payment and Collection Act requires any "person, firm or corporation" employing any employee within the State of West Virginia to pay any separated employee all "wages due" by or on the next regular payday on which the wages would otherwise be due and payable.

52. Defendants CleaningServices.Com, LLC and Susan Brown are "employers" within the meaning of this Act, as "employer" is broadly defined to include "any person, firm or corporation employing any employee."

53. Plaintiffs are "employees" within the Act as they are "suffered or permitted to work" by the Defendants.

54. Pursuant to the mandates of the West Virginia Wage Payment and Collection Act, Defendants CleaningServices.Com, LLC and Susan Brown were required to pay Plaintiffs all "wages due" by or on the next regular payday, upon their respective separations from employment.

55. "Wages due," as defined by the Act, includes all unpaid wages for hours worked and compensable time due and owing to the employee at the time of the separation from employment.

56. Plaintiffs separated from their respective positions with Defendants on or about the following dates: Marguerite Bartholow – May 22, 2018; Corina West – December 22,

9

2017; Phil Wiseman – March 7, 2017; Billy Jo Bell – August 23, 2018; Patricia Shoemaker – August 22, 2017; Gina Norris – January 5, 2018; and Brenda Corley – April 11, 2018.

57. In violation of the West Virginia Wage Payment and Collection Act, Defendants CleaningServices.Com, LLC and Susan Brown failed to pay Plaintiffs all "wages due" by their respective next regular payday(s).

58. Due to their violation of the West Virginia Wage Payment and Collection Act, Defendants CleaningServices.Com, LLC, and Susan Brown owe Plaintiffs all unpaid "wages due" and liquidated damages, in accordance with the Statute.

59. Plaintiffs are entitled to recover attorney's fees and costs.

## COUNT III

### CLAIM OF BRENDA CORLEY FOR UNLAWFUL RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT (DEFENDANT CLEANINGSERVICES.COM, LLC)

60. Plaintiffs incorporate by reference Paragraphs 1 through 59 of this Complaint as if set forth fully herein.

61. This count is pled on behalf of Plaintiff Brenda Corley only.

62. Defendant CleaningServices.Com, LLC is an "employer" as defined within the FLSA.

63. The FLSA expressly contains a prohibition against discharging or otherwise discriminating and retaliating against any employee for filing a complaint regarding FLSA violations.

64. Brenda Corley, in good faith, reasonably believed that Defendant CleaningServices.Com, LLC was violating the FLSA in failing to pay its employees for "all hours worked" and for all "compensable time."

65. Brenda Corley engaged in protected activity when she initiated a West Virginia Department of Labor ("DOL") Investigation on or about April 4, 2018, and filed a Complaint with the DOL regarding Defendants' failure to pay its employees for "all hours worked" and for "all compensable time."

66. Defendant CleaningServices.Com, LLC, through Defendant Susan Brown, had direct knowledge of Brenda Corley's complaint to DOL concerning violations of the FLSA.

67. After learning about Brenda Corley's complaint to DOL, Defendant CleaningServices.Com, LLC instantly retaliated against Brenda Corley and subjected her to adverse employment action by terminating her employment.

68. The extremely close temporal proximity between Brenda's complaint to DOL and her sudden termination (i.e., less than seven days), supports an inference of retaliation against Defendant CleaningServices.Com, LLC.

69. Defendant CleaningServices.Com, LLC's proffered reason for terminating Brenda Corley was pre-textual, and its true motivation in terminating her is wholly based on her engagement in protected activity, i.e., her complaint to DOL.

70. As a direct and proximate result of Defendant CleaningServices.Com, LLC's unlawful conduct, Plaintiff Brenda Corley has suffered injury and damages, including but not limited to, lost wages and benefits, emotional distress, humiliation, mental anguish, punitive damages and other damages for which Defendant CleaningServices.Com, LLC is liable.

71. Based upon Defendant CleaningServices.Com, LLC's lack of good faith in terminating her, Plaintiff Brenda Corley is also entitled to recover liquidated damages.

72. Plaintiff Brenda Corley is entitled to recover attorneys' fees and costs.

## COUNT IV

### CLAIM OF BRENDA CORLEY FOR WRONGFUL TERMINATION IN VIOLATION OF SUBSTANTIAL PUBLIC POLICY OF THE STATE OF WEST VIRGINIA (DEFENDANT CLEANINGSERVICES.COM, LLC)

73. Plaintiffs incorporate by reference Paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74. This Count is pled on behalf of Plaintiff Brenda Corley only.

75. As articulated in the FLSA, 29 U.S.C. S215(a)(3), it is a substantial public policy of the State of West Virginia that an employer shall not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA] . . ."

76. Defendant CleaningServices.Com, LLC's termination of Brenda Corley was in violation of a substantial West Virginia public policy to protect individuals that raise good faith complaints of wage and hour law violations, as articulated in the FLSA.

77. The true motivation for Defendant CleaningServices.Com, LLC's decision to terminate Brenda Corley was to retaliate against her for having raised good faith concerns regarding wage and hour law violations, in violation of the of the public policy of the State of West Virginia.

78. As a direct result of the aforementioned unlawful actions, Brenda Corley has suffered loss of pay, physical distress and pain, emotional distress and pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, for which Defendant CleaningServices.Com, LLC is liable.

12

79. Defendant CleaningServices.Com, LLC's actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of Brenda Corley thereby entitling her to punitive damages in an amount to be determined by the jury.

### COUNT V

### CLAIM OF BILLY JO BELL FOR SEXUAL HARASSMENT/ HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT (DEFENDANT CLEANINGSERVICES.COM, LLC)

80. Plaintiffs incorporate the proceeding paragraphs of this Complaint, as if fully restated herein.

81. This Count is pled on behalf of Plaintiff Billy Jo Bell only.

82. Billy Jo Bell was subjected to extreme sexual harassment, including unwanted lewd innuendo and touching by her co-worker, Gary Swartz, throughout most of her employment with Defendant CleaningServices.Com, LLC.

83. The sexual harassment endured by the Billy Jo Bell was based on her sex, and was so severe and pervasive so as to negatively alter her conditions of employment and create an abusive and hostile working environment.

84. Gary Swartz's sexual harassment of Defendant CleaningServices.Com, LLC's female employees, including Billy Jo Bell, was so open and obvious that Defendant Susan Brown, as sole owner and manager of Defendant CleaningServices.Com, LLC, knew or should have known, of its occurrence.

85. In fact, Defendant Susan Brown was put on notice regarding Mr. Swartz's unlawful conduct by Plaintiff Billy Jo Bell and other employees, yet, she failed to take any sort of prompt corrective remedial action; thereby, knowingly permitting a hostile work environment and allowing Mr. Swartz's unlawful conduct to continue.

13

86. Defendant CleaningServices.Com, LLC failed to maintain any sort of policy prohibiting sexual harassment nor enact any reporting procedures for complaints of sexual harassment, even given its knowledge of Mr. Swartz's propensity to engage in sexual harassment, thereby neglecting its duties under the law to protect its employees from sexual harassment.

87. Given Defendant Susan Brown's failure to take any sort of prompt corrective remedial action with regard to Mr. Swartz's unlawful conduct, and Defendant CleaningServices.Com, LLC's inexcusable failure in enacting and maintaining a sexual harassment policy, Mr. Swartz's sexual harassment of Billy Jo Bell and the hostile work environment caused thereby is imputable to Defendant CleaningServices.Com, LLC.

88. The foregoing actions were intentional, malicious and in reckless disregard for Billy Jo Bell's rights.

89. As a direct result of the aforesaid unlawful actions, Billy Jo Bell has suffered loss of pay, physical distress and pain, emotional distress and pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

90. Billy Jo Bell has also incurred, and will continue to incur, attorneys' fees and costs in prosecuting this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Brenda Corley, Billy Jo Bell, Patti Shoemaker, Corina West, Phil Wiseman, Marguerite Bartholow, and Gina Norris request the Court grant the following relief, jointly and severally:

A. Compensatory damages under the FLSA and Wage Payment and Collection Act, equal to wages and benefits owed to Plaintiffs and liquidated damages as allowable by law;

B. Compensatory damages, including but not limited to, back pay and front page, damages for emotional distress, humiliation and mental anguish, for Plaintiffs Brenda Corley and Billy Jo Bell's discrimination, harassment and wrongful termination claims;

C. Punitive Damages in and amount sufficient to punish the Defendants and deter others similarly situated;

D. Attorneys' fees and costs, as well as court costs and expenses and any other damage or expense or fee allowed by applicable West Virginia and/or Federal law; and

E. Such other and further relief as this Court deems proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Dated this ___4th___ day of February, 2019.

*(signature)*

Edmund L. Wagoner (WVSB #10605)
Chirag Desai (WVSB #13110)
Goddard & Wagoner PLLC
229 West Main Street, Suite 1100
Clarksburg, WV 26301
Tel: (304) 933-1411
Fax: (855) 329-1411
*Counsel for Plaintiffs, Brenda Corley, Billy Jo Bell, Patti Shoemaker, Corina West, Phil Wiseman, Marguerite Bartholow, and Gina Norris*